# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANKUSH KUMAR (A No. 220-847-018),<br><br>Petitioner,<br><br>v.<br><br>SERGIO ALBARRAN, et al.,<br><br>Respondents. | Case No. 1:26-cv-05447-JLT-EPG<br><br>ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS IN PART; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br><br>(Docs. 1, 2) |

## I.   INTRODUCTION

Before the Court is Ankush Kumar's request for a temporary restraining order (Doc. 2). It was filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed an opposition to the TRO and the underlying petition, asserting that Petitioner is subject to the mandatory pre-order detention statute, 8 U.S.C. § 1225(b), a position this Court has repeatedly rejected. (Doc. 7 at 1.) Thus, for the foregoing reasons, the Court **GRANTS IN PART** the petition for writ of habeas corpus.

## II.   FACTUAL BACKGROUND

Petitioner is from India. He entered the United States without inspection in March 2022. (Doc. 1 at 2, ¶ 2.) Petitioner is a party worker for the Indian National Lok Dal "INLD" party who

fled physical abuse and political persecution in India. (Id. at 4, ¶ 13.)  He was apprehended by U.S. Border Patrol, served with a Notice to Appear charging him as removal able pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act, and released from custody into the United States. (*Id*.; Doc. 1-3, Ex. A) On August 12, 2022, Petitioner timely filed a Form I-589, Application for Asylum and for Withholding of Removal, seeking asylum, withholding of removal, and protection under the Convention Against Torture based on political opinion. (Doc. 1 at 2, ¶ 3, Ex. B.) Petitioner asserts that he has faithfully conducted his ICE reporting check-ins. (*Id*. at 5, ¶ 16.)

On February 16, 2026, Petitioner was arrested by Casola Palmdale Police for Assault with a Deadly Weapon/Not a Firearm. (Doc. 8 at 3.) According to Petitioner, he was arrested after an altercation with a thief at a convenient store where he worked as a store clerk. (Doc. 1 at 5, ¶ 16.) Petitioner allegedly confronted the thief and a fight ensued. (*Id*.) Petitioner alleged that charge was ultimately dropped after his first court date in April 2026, but he does not provide any documentation in support.[1] (*Id*.) Around July 5, 2026, Petitioner was arrested by ICE during a routine supervision check-in and taken into custody. (Doc. 1 at 5, ¶ 14; Doc. 8 at 3.) Petitioner is detained at Golden State Annex Detention Facility in McFarland, California. (Doc. 1 at 7, ¶ 26.) On July 15, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting, *inter alia,* that his due process rights have been violated.[2] (Doc. 1 at 18.) Petitioner requests immediate release. (*Id*.)

### III.    LEGAL STANDARD

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

---

[1] Petitioner's Form I-213 just reflects the arrest but does not provide any insight into the status of the charge. (Doc. 8 at 3.)

[2] Given that Petitioner's due process claim based on his re-detention without a bond hearing serves as the basis for relief, the Court declines to address Petitioner's additional claims.

Petitioner seeks his immediate release from custody, which he contends violates the Fifth Amendment Due Process Clause under the United States Constitution. (Doc. 1 at 18.) Thus, he properly invokes the Court's habeas jurisdiction.

The INA limits judicial review in many instances. Though 8 U.S.C § 1252(g) precludes this Court from exercising jurisdiction over the executive's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien," there is no removal order at issue here and the central issue is Petitioner's continued detention. Thus, this Court has the authority to review Petitioner's habeas petition. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in the subsection); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999).

**IV.   DISCUSSION**

Respondents argue that as an "applicant for admission" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2)(A), Petitioner's detention is therefore "mandatory." (Doc. 7 at 1.) Pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), the Court finds that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See also*, *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Moreover, for the reasons articulated in those cases, the Court concludes Petitioner is re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

Considering Petitioner's recent arrest for assault with a deadly weapon, the Court finds that the appropriate remedy here is a bond hearing where the government bears the burden of

proving that Petitioner now poses a danger to the community or flight risk. For the foregoing reasons, the Court **ORDERS**:

1. The petition for writ of habeas corpus, (Doc. 1), is **GRANTED IN PART** for the reasons stated in the orders cited above.

2. The motion for temporary restraining order, (Doc. 2), is **DENIED** as **MOOT**.

3. **<u>Within 14 days</u>** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner;

4. **<u>At least 72 hours before</u>** the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. Petitioner **SHALL** have the right to be represented by counsel at the hearing, and she **SHALL** be entitled to appear at the hearing. If her counsel has filed an appearance in the immigration proceedings, **<u>at least 72 hours before</u>** the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

6. The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California, with a copy of this Order.

7.  The Clerk of Court is directed to close this case.


IT IS SO ORDERED.

Dated:  August 2, 2026

_____
UNITED STATES DISTRICT JUDGE